UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ROGERS,<br><br>                              Plaintiff,<br><br>          -against-<br><br>WALMART INC.; NJ TRANSIT,<br><br>                              Defendants. | 25-CV-0289 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the court's diversity of citizenship jurisdiction, alleging that Defendants violated his rights under state law in connection with an event that occurred at a Walmart store in Secaucus, New Jersey. Named as Defendants are NJ Transit and Walmart, Inc. While the complaint itself (ECF 1) includes no factual allegations, Plaintiff also filed a request for subpoenas that includes a statement of facts (ECF 2). In light of Plaintiff's *pro se* status, the Court construes the complaint and the factual allegations in the request for subpoenas as a single operative pleading. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that, when he entered a Walmart store in Secaucus, New Jersey, he was "immediately met with suspicion," confronted by "[l]oss prevention officers," and accused of shoplifting. (ECF 2, at 3.) The complaint sets forth a confusing series of events in which Plaintiff alleges that an unspecified individual conspired with the driver of a NJ Transit bus, while in New Jersey, to "halt[] [the bus] in the middle of the Lincoln Tunnel" so that Plaintiff could be arrested for shoplifting. (*Id.*) Although Plaintiff does not allege that the bus pulled over or that he was arrested, he does state that, while he was on the NJ Transit bus, unspecified "officers" went through his bags, made derogatory comments about him, and called him a "meth dealer." (*Id.* at 4.) Although Plaintiff also alleges that officers from the New York City Police Department ("NYPD") later "forc[ed] their way into" his New York apartment and possibly "replaced [his] computer with theirs," he does not name any NYPD officers as defendants in this action. (*Id.*)

Plaintiff provides a Newark, New Jersey, address for NJ Transit, and a Bentonville, Arkansas, address for Walmart's corporate headquarters. Even if the Court assumed that NJ Transit and Walmart could be considered residents of this District for venue purposes, and that venue is therefore proper here under Section 1391(b)(1), because a substantial part of the operative events giving rise to his claims against the named defendants occurred in New Jersey, venue would also be proper under Section 1391(b)(2) in the District of New Jersey. *See* 28 U.S.C. § 110 (New Jersey constitutes one judicial district).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events giving rise to claims against the named defendants occurred in New Jersey, where both defendants are located. Moreover, it is reasonable to expect that the relevant documents and witnesses also would be in New Jersey. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

To the extent Plaintiff seeks to bring claims against NYPD officers or other defendants who reside in this district, with respect to the events that occurred in this district, he may do so by filing a new civil action.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 6, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                       Chief United States District Judge